BLANK R**JUDGE CARTER**
Attorneys for Plaintiff
Jeremy J.O. Harwood
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5149

**12 CV 4502**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



RECEIVED JUN 08 2012 U.S.D.C. S.D. N.Y. CASHIERS

| | |
|---|---|
| SISTEM MÜHENDISLIK INSAAT SANAYI VE TICARET, A.Ş.,<br><br>Plaintiff,<br><br>v.<br><br>THE KYRGYZ REPUBLIC,<br><br>Defendant. | Civil Action No. 12-cv-____<br><br>**VERIFIED COMPLAINT** |

Plaintiff SISTEM MÜHENDISLIK INSAAT SANAYI VE TICARET A.Ş. ("Plaintiff" or "SISTEM"), by their attorneys Blank Rome LLP, complaining of the above-named Defendant THE KYRGYZ REPUBLIC ("KYRGYZ" or "Defendant"), allege upon information and belief as follows:

1. This is an action for the recognition and enforcement of an arbitral award issued by the International Centre for Settlement of Investment Disputes ("ICSID"), Washington, D.C. on or about September 9, 2009 in favor of Plaintiff and against Defendant (the "Award"), pursuant, *inter alia*, to the ICSID "Additional Facility Rules" ("AFR") invoking the consent given by the Kyrgyz to arbitration under the ICSID Convention in the 1992 *Turkey-Kyrgyz Treaty Concerning the Reciprocal Promotion and Protection of Investments* ("BIT") and the

consent given to arbitration under the ICSID's AFR in the *Kyrgyz Law On Investment* (2003) (the "LOI," collectively, the "Rules").

## PARTIES AND JURISDICTION

2. Plaintiff is a company incorporated under the laws of the Republic of Turkey. Its head office is located at 1703 Sok, No. 67, Karsiyaka, Izmir, Turkey.

3. Defendant is a foreign state.

4. This Court has subject matter jurisdiction over this action to recognize and enforce the Award pursuant to the "Convention on the Settlement of Investment Disputes Act of 1966," 17 U.S.T. 1270, 575 U.N.T.S. 159 ("Convention") and 22 U.S.C. § 1650a (a) and (b).

5. The Court has personal jurisdiction over Kyrgyz pursuant to 28 U.S.C. § 1330(a).

6. Plaintiffs will serve Kyrgyz with a copy of the summons and verified complaint, and such other required documents, pursuant to 28 U.S.C. § 1608.

## THE UNDERLYING DISPUTE

7. The underlying dispute arose from a 1992 joint venture agreement (the "JV") by and between Sistem and a Kyrgyz company, Ak-Keme Joint Stock Co. ("AK-Keme") to build and operate a 4-star hotel in Bishkek, Kyrgyz (the "Hotel").

8. Pursuant to its Decree 323, Kyrgyz approved the construction and joint management of the Hotel on July 13, 1992. In 1993 the Republic of Turkey provided, via the Turkish Eximbank, a loan to Kyrgyz of $75,000,000 of which $6,000,000 was for the construction of the Hotel. This amount was made available to the Joint Venture via the National Bank of Kyrgyzstan.

9. Sistem bought out AK-Keme's share of the JV in 1999. After building and operating the Hotel for a number of years Ak-Keme, with the collusion of representatives of Kyrgyz, ousted Sistem's personnel and physically took control of the Hotel.

10.     Sistem claimed that Kyrgyz had failed in its duties and obligations under BIT to protect Sistem's investment in the Hotel. Sistem claimed damages.

## THE ARBITRATION PROCEEDINGS

11.     On October 11, 2005 Sistem commenced arbitration proceedings against Kyrgyz pursuant to the AFR and Rules.

12.     Sistem commenced the arbitration proceedings by way of a request for arbitration dated September 30, 2005.

13.     On October 12, 2005 ICSID acknowledged receipt of the request for arbitration and on October 14, 2005 it transmitted a copy of the request to Kyrgyz.

14.     For greater certainty, the request for arbitration was filed under the AFR and invoked the consent given by Kyrgyz to ICSID arbitration pursuant to BIT.

15.     Sistem appointed Dr. Paolo Michele Patocchi, a Swiss national, as arbitrator.

16.     On October 26, 2006 the ICSID Administrative Council appointed Judge Nabil Ilaraby, an Egyptian national, and Professor Vaughn Lowe Q.C., a U.K. national, as arbitrators, with Professor Lowe being designated as presiding arbitrator (the "Panel").

17.     Kyrgyz challenged the jurisdiction of the Panel to adjudicate the dispute between the parties. A hearing on the issue of jurisdiction was held at the offices of the World Bank in Paris between May 31 and June 1, 2007. By award dated September 13, 2007, the Panel unanimously dismissed Kyrgyz' challenge and held that it had jurisdiction over the dispute.

18.     The hearing on the merits of the dispute was held at the offices of the World Bank in Paris between October 7-9, 2007. Kyrgyz was represented at the hearing by counsel and called witnesses, introduced documentary evidence and cross-examined witnesses called to testify by Sistem. The parties filed their respective post-hearing briefs on November 14, 2008.

19.     ICSID issued the Award and ordered Kyrgyz to

3

  (i) pay Sistem the sum of $8,500,000 plus interest on that sum at the LIBOR dollar 12 month rate from June 7, 2005 up to the date of payment of the sums owing under the Award;

  (ii) pay Sistem the sum of $400,000 on account of legal fees plus interest on that sum at the LIBOR Dollar 12 month rate from the date of the Award up to the date of payment; and

  (iii) reimburse Sistem the sum of $247,410 representing half of $494,820 which is the total of the advance payments that Sistem made to ICSID for the fees and expenses of the Center and the costs of the Panel.

20. Kyrgyz has failed to pay to Sistem any of the amounts due under the Award.

21. The Award is final and binding on the parties. It may not be appealed nor is it subject to any ordinary remedy. For greater certainty, any rights and recourses that Kyrgyz may have had under the law of France, which was the seat of the arbitration, to annul or set aside the Award have expired without Kyrgyz having taken any action in this regard.

## COUNT I
## FOR RECOGNITION OF THE AWARD

22. Plaintiffs repeat paragraphs 1 through 21 as if set forth in full here.

23. France, where the Award was issued, and Turkey, the country of Plaintiff's incorporation, are both signatories of the Convention. Although Kyrgyz signed the Convention on June 9, 1995 it has not yet ratified the Convention. Nevertheless, the arbitration was conducted and the Award issued under the AFR and invoked the consent to arbitration under the Convention in the BIT and the consent given to arbitration under the AFR by Kyrgyz's LOI. Moreover, the Panel upheld its jurisdiction under the foregoing Rules over Kyrgyz's challenge.

24. 22 U.S.C. § 1650a governs "Arbitration awards under the Convention" and provides:

> An award of an arbitral tribunal rendered to chapter IV of the [C]onvention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an

4

award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the [C]onvention.

25. Plaintiff seeks recognition and enforcement of the Award as a money judgment of this Court.

26. France and Canada are also signatories to the Convention, and have recognized the Award as a judgment pursuant to Article 54 thereof, on 19 November 2009 and 5 January 2011 respectively.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief: (1) An order recognizing the Award as a judgment of this Court in the amounts set forth therein; (2) costs incurred in this recognition and enforcement proceeding, including reasonable attorneys fees; (3) post-judgment interest; and (4) such other and further relief as the Court may deem just and proper.

Date: June 8, 2012
New York, New York

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, NY 10174
(212) 885-5149 (telephone)
(917) 332-3720 (fax)
jharwood@blankrome.com

*Attorney for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

4. The reason this Verification is made by deponent and not by Plaintiffs is that it is a foreign citizen, not within this jurisdiction.

Jeremy J.O. Harwood

Sworn to before me this
8th day of June, 2012

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2013

900200.00001/7134132v.1