USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/31/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

SISTEM MUHENDISLIK INSAAT SANAYI VE
TICARET, A.S.,

                              Plaintiff,

               -against-

THE KYRGYZ REPUBLIC.,

                              Defendant.

------------------------------------------------------------------- x

12-CV-4502 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Before the Court is a recommendation from Magistrate Judge Robert W. Lehrburger that civil contempt sanctions be awarded against The Kyrgyz Republic (the "Republic"), and in favor Sistem Mühendislik Inşaat Sanayi Ve Ticaret, A.Ş. ("Sistem"), of $5,000 per day for the Republic's failure to comply with post-judgment discovery orders. ECF No. 175. Also before the Court are Sistem's objections to Judge Lehrburger's recommendation. ECF No. 177. For the reasons set forth below, the Court adopts the recommendation in its entirety, overruling Sistem's objections, and orders that an Order of Contempt be issued against the Republic as specified in Judge Lehrburger's well-reasoned opinion.

## BACKGROUND

The factual and procedural history underlying Judge Lehrburger's recommendation is set forth in greater detail in the recommendation and the orders that have preceded it. Nonetheless, a brief discussion of the procedural history of this case and the post-judgment discovery is warranted for background purposes. On November 14, 2016, this Court entered a judgment enforcing an arbitration award in favor of Sistem in the amount of $11,603,319 plus interest. ECF No. 131. The parties proceeded with post-judgment discovery. Though the Republic began

by participating in post-judgment discovery to some extent, it has since repeatedly failed to comply with at least five of the assigned magistrate judge's[1] discovery orders. As a result, Sistem renewed its earlier request for civil contempt sanctions against the Republic. ECF No. 173. On March 30, 2018, Judge Lehrburger issued an order and certification pursuant to 28 U.S.C. § 636(e)(6) recommending that the Republic be held in contempt, with $5,000 in per diem sanctions, until it satisfies the judgment or its full compliance with all outstanding discovery demands arising from the Court's prior discovery orders. ECF No. 175 ("Contempt Op."). The order further requires that Defendant show cause before the undersigned why it should not be held in contempt.

On April 4, 2018, I issued an order that the Republic show cause as to why it should not be held in civil contempt for its failure to comply with post-judgment discovery orders. ECF No. 176. The parties were ordered to appear in person for a conference on April 23, 2018 at 3 p.m. *Id.* On April 13, 2018, counsel for Plaintiff filed objections to Judge Lehrburger's recommendation of civil contempt, arguing that additional relief is warranted in two respects. ECF No. 177 ("Objections"). Defendant filed no objections. At the April 23, 2018 conference, only counsel for Plaintiff appeared, and the Court took the matter under submission. This order now follows.

## DISCUSSION

"A federal district court has 'the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages.'" *Cordius Tr. v. Kummerfeld*, No. 99-CV-3200 (DLC), 2009 WL 3416235, at *5 (S.D.N.Y. Oct. 23, 2009) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)). "A district court clearly

---

[1] For the first portion of the post-judgment discovery phase, the parties proceeded before Magistrate Judge Ronald L. Ellis before the case was reassigned to Judge Lehrburger.

has discretion to impose contempt sanctions for violations of post-judgment discovery orders." *Servaas Inc. v. Republic of Iraq*, No. 09-CV-1862 (RMB), 2014 WL 279507, at *2 (S.D.N.Y. Jan. 24, 2014), *vacated on other grounds*, *SerVaas Inc. v. Mills*, 661 F. App'x 7, 8 (2d Cir. 2016). Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge may certify facts constituting civil contempt to the district judge. When a magistrate judge has done so, the district court must "make an independent determination of the facts certified and consider any additional evidence." *E.g., JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562 (JGK) (AJP), 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006). As always, a party may file and serve written objections to such a recommendation within 14 days of being served with a copy of it, and a district judge shall make a de novo determination of those portions of the recommendation to which that party objects. 28 U.S.C. § 636(b)(1).

Here, the Court has only received objections from Plaintiff and Defendant failed to appear at the designated time and place for the order to show cause hearing. Defendant submitted no additional evidence, despite having an opportunity to do so. The Court has nonetheless conducted a de novo review of the record and Judge Lehrburger's legal conclusions, and adopts those conclusions in their entirety. Plaintiff has amply made its required showing to demonstrate contempt.

The Court also overrules Plaintiff's objections. Plaintiff first takes issue with Judge Lehrburger's recommending that the $5,000 per day fine "terminat[e] upon the Republic's satisfaction of the judgment or full compliance with all outstanding discovery demands arising from this Court's January 2018 discovery orders," but not making reference to the unpaid attorney's fees awards. Objections at 1. Citing no authority, Plaintiff suggests that the contempt order provide for the fine to terminate only once Defendant has complied both with the discovery

3

orders and the outstanding fee awards. In exercising its "broad discretion" to fashion contempt sanctions, "a court is obliged to use the least possible power adequate to the end proposed." *Cordius Tr.*, 2009 WL 3416235, at *6 (quoting, *inter alia*, *Spallone v. United States*, 493 U.S. 265, 276 (1990)) (quotation marks omitted). As reflected in Judge Lehrburger's order, the $5,000-per-day figure imposed is, though within the spectrum of contempt fines imposed on sovereigns in prior cases, on the higher end of that spectrum. *See* Contempt Op. at 8 (surveying cases). The Court concurs that such a figure is more than adequate to both compensate Plaintiff for the wrongs inflicted upon it, as well as to secure future compliance with court orders. Contempt Op. at 9.

For similar reasons, the Court overrules Plaintiff's second objection. Specifically, Plaintiff argues that the $5,000 per day fine imposed by Judge Lehrburger should be run *nunc pro tunc* from July 27, 2017 (Defendant's first discovery violation). Objections at 1-2. Though Judge Lehrburger acknowledged that a "backwards-looking fine may be considered a civil fine" appropriate for civil contempt "if the fine redresses a previous harm," he rejected Plaintiff's request because they did not specify "what harm they have suffered [from July 27, 2017 onward] and why $5,000 per day would be appropriate compensation." Contempt Op. at 9 n.2. Plaintiff asserts that it did set forth an adequate basis for compensation by alleging that Defendant had, since July 27, 2017 onward, been unjustly enriched, as Defendant's noncompliance has allowed it to take advantage of the federal post-judgment interest rate, which is substantially lesser than the 15% that Defendant pays on its domestic currency bonds. Objections at 1-2 & n.1. Plaintiff cites a number of cases from within this Circuit supporting the notion that a contempt plaintiff can be "'entitled to defendant's profits'" under an unjust enrichment theory. *Id.* at 2 (quoting *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5-6 (2d Cir. 1989)). Plaintiff

4

argues that Defendant would "*face no consequences at all* for the more than 13 months in which it pocked over 1.6 million by evading its obligations." *Id.* (emphasis added).

As an initial matter, the language that Plaintiff employs here, quite emphatically, too, strongly suggests that the retroactive sanctions that it seeks are punitive, rather than merely compensatory. Moreover, the "sheer size" of the sanction that Plaintiff seeks, especially in relation to the size of the damages award and the forward-looking relief that it has already obtained, casts further doubt on the compensatory nature of the relief. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 102 (2d Cir. 2016).

At bottom, though, while the Court does not wish to sanction Defendants' post-judgment discovery conduct, Plaintiff's "unjust enrichment" theory, as applied to this case, is simply too speculative for the Court to endorse. The authorities that Plaintiff cites in favor of its theory all arise in the intellectual property context where disgorged profit figures in relation to the contemptuous conduct are more certain and easier to quantify. *See Synthes Spine Co., L.P. v. Walden*, No. CIV.A. 04-CV-4140, 2006 WL 3053317, at *11 n.3 (E.D. Pa. Oct. 23, 2006) (distinguishing *Manhattan Indus.* amid discussion of the necessity of "causally linking the contemnor's contemptuous behavior to the contemnor's gain, her acquisition of profits"). Here, Plaintiff simply attaches a printout from the website CBonds.com indicating that Defendant paid as much as 15% on domestic currency bonds in February 2018. ECF No. 174, Ex. E. As to that, even Plaintiff itself acknowledges that the $5,000-per-day figure it proposes is highly imprecise (*i.e.*, that it would exceed the difference between the post-judgment interest rate and the bond interest rate). Objections at 2 n.1. Moreover, Plaintiff does not account for the bond rates prior to February 2018 (*i.e.*, the vast majority of the period of Defendant's noncompliance). Even if it did, Plaintiff simply has not established a sufficient causal relationship between the

contemptuous conduct and actual *profits* by Defendant, nor does it proffer any case endorsing its theory and approving such backward-looking sanctions against a foreign sovereign. Given the high dollar figure that Plaintiff seeks, and the above-discussed uncertainties, the Court is not persuaded that the sanctions that Plaintiff proposes are truly compensatory, and not punitive. As such, Plaintiff's second objection is overruled.

## CONCLUSION

As set forth above, Judge Lehrburger's certification and report and recommendation is adopted in its entirety. Plaintiff's objections are overruled. Defendant is hereby held in contempt for disobeying Court orders, impeding post-judgment discovery, and otherwise failing to participate in the discovery process. Civil contempt sanctions are hereby awarded against the Republic of $5,000 per day commencing thirty days of this order, and terminating upon the Republic's satisfaction of the judgment or full compliance with all outstanding discovery demands arising from Judge Lehrburger's January 2018 discovery orders.

**SO ORDERED.**

**Dated:   October 31, 2018**
**          New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**