USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SISTEM MUHENDISLIK INSAAT SANAYI VE
TICARET, A.S.,

      Plaintiff,    :  12-CV-4502 (ALC)

   -against-       :  <u>ORDER</u>

THE KYRGYZ REPUBLIC.,

      Defendant.
------------------------------------------------------------------ x

ANDREW L. CARTER, JR., District Judge:

  Defendant objects to the Report and Recommendation ("R&R") issued by the Honorable Robert W. Lehrburger. Magistrate Judge Lehrburger's R&R recommends that the Court deny Defendant's motion to vacate sanctions and grant Plaintiff's cross-motion for entry of judgment for the amount of past-due sanctions. For the reasons set forth below, the Court **OVERRULES** the Republic's objections and **ADOPTS** the R&R in its entirety.

## BACKGROUND

  The factual and procedural history is set forth in detail in Judge Lehrburger's R&R. Nevertheless, a brief discussion of these facts and history is warranted for background.

  This case arises from a 1993 joint venture ("1993 Agreement") between Plaintiff ("Sistem") and Ak-Keme Joint Stock Company ("Ak-Keme JSC") to construct and operate a luxury hotel in Kyrgyzstan. R&R, ECF No. 205 at 2. Ak-Keme JSC is a Kyrgyz company partially owned by Defendant ("the Republic"). Pursuant to an arbitration clause in the 1993 Agreement, Plaintiff initiated an arbitration in the International Centre for Settlement of Investment Disputes alleging that Ak-Keme JSC improperly removed Plaintiff from the joint venture and entered into a new joint venture with a Malaysian entity known as SKMP Ak-Keme Hotel LLC ("SKMP Ak-

Keme"). *Id.* Plaintiff was awarded $8.5 million plus costs and interest in this arbitration (the "ICSID Award"). *Id.* at 3. On November 14, 2016, this Court entered a judgment confirming the ICSID Award in favor of Plaintiff in the amount of $11,603,319 plus interest. ECF No. 131. The Second Circuit affirmed. *See Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, 741 F. App'x 832 (2d Cir. 2018). In post-judgment discovery, Defendant failed to comply with at least five discovery orders and refused to pay attorneys' fee. R&R at 3. Accordingly, Judge Lehrburger recommended that Defendant be held in contempt and sanctioned. This Court fully adopted his recommendation and imposed $5,000 in sanctions per day until Defendant either complied with its discovery obligations or satisfied the judgment. ECF No. 185.

On June 28, 2019, Defendant filed a motion for sanctions to be vacated. ECF No. 186. Defendant alleges that Ak-Keme JSC assigned its rights under the 1993 Agreement to SKMP Ak-Keme and that SKMP Ak-Keme then initiated an arbitration against Plaintiff for breach of the 1993 joint venture. R&R at 4. The arbitration tribunal awarded SKMP Ak-Keme $11,554,900 and this award with interest and penalties now totals over $20 million ("Kyrgyz Award"). SKMP Ak-Keme assigned this award to Defendant, who now claims that the sanctions imposed by this Court should be vacated because the Kyrgyz Award more than offsets the amount the Defendant owes Plaintiff. *Id.* at 5.

On August 8, 2019, Plaintiff opposed Defendant's motion and filed a cross-motion to increase sanctions to $10,000 per day and to enter judgment for the amount of past-due sanctions. ECF No. 191–194.[1] Defendant filed its response on September 20, 2019, ECF No. 203, and Plaintiff filed a reply on September 27, 2019, ECF No. 204. Judge Lehrburger issued his report and recommendation on October 1, 2019. ECF No. 205. Defendant filed objections within fourteen

---

[1] On September 27, 2019, Plaintiff withdrew, without prejudice, its cross-motion to increase sanctions. *See* Plaintiff's Reply in Support of Cross-Motion, ECF No. 204 at 1–2.

2

days, ECF No. 208, Plaintiff filed its response on October 29, 2019, ECF No. 209, and Defendant filed a reply on December 30, 2019, ECF No. 213.

**LEGAL STANDARD**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A party may object to a report and recommendation within fourteen days. *Id.* The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* With respect to any portion of the report and recommendation to which no objection is made, "the Court may adopt the Report if there is no clear error on the face of the record." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 401 (S.D.N.Y. 2010). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Stenson v. Heath*, No. 11-CV-5680, 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation and quotation marks omitted).

Objections must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the Court should review only for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and quotation marks omitted). This is because "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and

positions taken in the original papers submitted to the Magistrate Judge." *Id.* (citation and quotation marks omitted).

## DISCUSSION[2]

### I. Statute of Limitations

"New York courts have generally required a tight nexus between claim and counterclaim before . . . sav[ing] a counterclaim from an otherwise-applicable statute of limitation." *Macaluso v. U.S. Life Ins. Co.*, No. 03-CV-2337, 2004 WL 1497606, at *7 (S.D.N.Y. July 2, 2004). The Republic argues that its set-off claim is not barred by the statute of limitations because the debt owed by Sistem arises from the same transaction as the debt owed by the Republic—namely, "the arbitral award against the Republic on which th[e] sanctions are based." Defendant's Objections to the Report and Recommendation ("Objections") ECF No. 208 at 6. Judge Lehrburger disagreed and determined that the obligations arise from distinct events: "The Republic's obligation at issue is the sanctions imposed against the Republic due to its failure to comply with orders from the Court," whereas the Kyrgyz Award is due to Sistem's alleged breach of the 1993 Agreement. R&R at 9.

The present motion and cross-motion are based on the sanctions that were imposed on the Republic for defiance of court orders, not on the underlying arbitral award against the Republic. The requested relief is only directed at the sanctions. The Republic has not brought an action to vacate this Court's judgment confirming the ICSID Award, nor has the Republic confirmed the

---

[2] As a threshold matter, the Parties dispute the standard for vacating sanctions. The Republic argues that this Court should vacate sanctions if the Republic puts forth a "facially plausible claim to set-off." Sistem argues that the Republic conflates the standard for imposing sanctions with the standard for purging sanctions, and that the only way to purge the sanctions is "upon the Republic's satisfaction of the judgment or full compliance with all outstanding discovery demands arising from Judge Lehrburger's January 2018 discovery orders." Order, ECF No. 185 at 6. Since the Court determines that the Republic has not put forth even a facially plausible claim to set-off, the Court need not decide this issue.

4

Kyrgyz award in a United States court. Instead, the Republic seeks to vacate sanctions that were ordered by this Court in response to the Republic's non-compliance with "at least five of the assigned magistrate judge's discovery orders." Order (ECF No. 185) at 2; *see also* R&R at 12 ("[T]he Republic's debt at issue on this motion is its obligation to pay sanctions for litigation misconduct, not the transaction at issue in the Kyrgyz Award."). The appropriate way for the Republic to purge these sanctions is to either comply with the outstanding discovery orders of the Court, satisfy the judgment, or if it believes there is reason to vacate the judgment, file a motion to vacate the judgment. *See* Order, ECF No. 185 at 6 ("Defendant is hereby held in contempt for disobeying Court orders, impeding post-judgment discovery, and otherwise failing to participate in the discovery process. Civil contempt sanctions are hereby awarded . . . terminating upon the Republic's satisfaction of the judgment or full compliance with all outstanding discovery demands.").

II. **Agreement to Arbitrate**

The Republic also objects to Judge Lehrburger's determination that Sistem did not agree to arbitrate with SKMP Ak-Keme.[3] The New York Convention allows a country to decline to recognize an arbitration award if "[t]he recognition or enforcement of the award would be contrary to the public policy of that country," and the public policy of the United States generally counsels against recognizing arbitration awards when the party the award is asserted against did not agree to arbitrate. R&R at 15; *see also Republic of Ecuador v. Chevron Corp.*, 639 F.3d 384 (2d Cir.

---

[3] Sistem asserts that the Republic has forfeited the argument that Sistem agreed to arbitrate with SKMP Ak-Keme. The Second Circuit has yet to decide whether failure to raise an argument before a magistrate judge waives that argument, *see Yunus v. Robinson*, No. 17-CV-5839, 2019 WL 168544, at *6 (S.D.N.Y. Jan. 11, 2019), and courts in this Circuit have taken different positions on the issue, *see George v. Shamrock Saloon II LLC*, No. 17-CV-6663, 2020 WL 133621, at *2 (S.D.N.Y. Jan. 13, 2020) (collecting cases). Out of an abundance of caution, this Court addresses the issues that the Republic raises for the first time in its Objections.

2011). The Second Circuit has "recognized a number of common law principles of contract law that may allow non-signatories to enforce an arbitration agreement," *Ross v. Am. Express Co.*, 478 F.3d 96, 99 (2d Cir. 2007), including "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel," *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999) (citation omitted).

The Republic analogizes this case to *Smith/Enron* and argues that Sistem's agreement to arbitrate with Ak-Keme JSC extends to SKMP Ak-Keme.[4] In *Smith/Enron*, the Second Circuit allowed a non-signatory to invoke an arbitration agreement for two reasons: (1) corporate veil-piercing and (2) estoppel. 198 F.3d 88 at 97. Neither applies here. This case differs from *Smith/Enron* in two important ways. First, the 1993 Agreement included a non-assignment clause that prohibited assignment of the right of arbitration. *See* ECF No. 193-1 §§13 ("None of the Sides is entitled to hand its rights and commitments over to the third person without written approvement [sic] of the both Sides."). Second, Sistem was both unaware of, and did not act in accordance with, the assignment of rights to SKMP Ak-Keme. Unlike in *Smith/Enron*, where the Court found that the party trying to avoid arbitration "treated a group of related companies as though they were interchangeable, but now [ask] for strict adherence to the corporate form in its opposition to arbitration," here, Sistem did not acknowledge, act in accordance with, or approve of the assignment from Ak-Keme JSC to SKMP Ak-Keme. *Smith/Enron*, 198 F.3d at 97.

---

[4] The Republic first asserts that this Court should not decide this issue because "an arbitral award confirmed outside the United States can support a set-off claim in a United States court," and because the question of whether a party has consented to arbitrate is an issue to be decided by the court in which enforcement is sought. Objections at 8–9. However. "a debtor is not entitled to have a judgment against it satisfied based merely upon an allegation that the creditor owes him a greater sum." *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-CV-5256, 2016 WL 958640, at *3 (S.D.N.Y. Mar. 8, 2016) (citation omitted). This Court has the authority to determine whether the Kyrgyz Award is contrary to the public policy of the United States and whether the Republic's claim to set-off has any foundation, both of which require a determination of whether Sistem agreed to arbitrate with the Republic.

6

The Republic argues that Ak-Keme JSC and SKMP Ak-Keme shared a significant corporate relationship. Objections at 10. However, the Republic provides no proof that the relationship came about predictably and with Sistem's "knowledge and consent." *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 361 (2d Cir. 2008) ("[T]he promise to arbitrate by $x$, the entity opposing arbitration, was reasonably seen on the basis of the relationships among the parties as extending not only to $y$, its contractual counterparty, but also to $y^1$, an entity that was, or would predictably become, with $x$'s knowledge and consent, affiliated or associate with $y$ in such a manner as to make it unfair to allow $x$ to avoid its commitment to arbitrate on the ground that $y^1$ was not the very entity with which $x$ had a contact.")[5]. Ak-Keme JSC did not create SKMP Ak-Keme until two years after Sistem left the joint venture; Sistem never had any business dealings or relationships with SKMP Ak-Keme; and Sistem "never engaged in any conduct that indicated that it acknowledged or approved of SKMP Ak-Keme Hotel LLC's involvement in the hotel." Pl. Response at 8. "[A] court should be wary of imposing a contractual obligation to arbitrate on a non-contracting party," *Smith/Enron*, 198 F.3d at 97, and there exist meaningful differences between this case and *Smith/Enron* that counsel in favor of finding that SKMP Ak-Keme did not properly invoke the arbitration clause of the 1993 Agreement between Ak-Keme JSC and Sistem.[6] Thus, this Court agrees with Judge Lehrburger's determination that Sistem did not consent to arbitration with SKMP Ak-Keme and thus that the Kyrgyz Award cannot be asserted as set-off by the Republic.

III. **Cross-Motion to Enter Judgment**

---

[5] Analogously, $x$ is Sistem, $y$ is Ak-Keme JSC, and $y^1$ is SKMP Ak-Keme.

[6] The Republic does not object to Judge Lehrburger's decision that the Kyrgyz Award is barred by the three-year statute of limitations proscribed in the Federal Arbitration Act. The Court does not find this decision clearly erroneous. *See, e.g., Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580–81 (2d Cir. 1993).

Finally, the Republic argues that since "there is no further need to 'compel compliance' in light of the Republic's set-off claim," the Court should not enter judgment on the amount of sanctions to date. For the reasons set forth above, the Court believes that there is still reason to compel compliance. "The Republic has done nothing to purge its contempt. It has not complied with the outstanding discovery; it has not paid the attorneys' fees awards issued as sanctions; and it has not paid the judgment entered by this Court." R&R at 18. In light of the Republic's continued failure to comply, this Court agrees with Judge Lehrburger that judgment should be awarded in Sistem's favor. *See, e.g., CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-8087, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013) ("Petitioner may enter judgment . . . from time to time for the accrued amounts of such fines and enforce such judgment on behalf of the Court.").

## CONCLUSION

Judge Lehrburger's report and recommendation is adopted in its entirety and Defendant's objections are overruled. Defendant's motion to vacate sanctions is **DENIED** and Plaintiff's cross-motion for entry of judgment on sanctions accumulated to date is **GRANTED**. Plaintiff should submit a revised form of judgment updating the amount of sanctions due within fourteen days of this order.

**SO ORDERED.**

Dated: February 25, 2020
New York, New York

ANDREW L. CARTER, JR.
United States District Judge